IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| DELYORCE RAYE REBOUCHE,<br><br>Plaintiff,<br><br>vs.<br><br>DEERE & COMPANY a/k/a JOHN DEERE COMPANY, RODGER BURRIS, AND BRUCE BOARDMAN,<br><br>Defendants. | No. C12-2064<br><br>RULING ON MOTION TO DISMISS |

## TABLE OF CONTENTS

I.    *INTRODUCTION* .................................... 1

II.   *PROCEDURAL HISTORY* ............................. 2

III.  *RELEVANT FACTS* .................................. 2

IV.  *DISCUSSION* ....................................... 3
    A.   *Can Burris and Boardman be Sued*
       *Individually Under Title VII?* ...................... 3
    B.   *Can Rebouche Recover "Enhanced Damages"*
       *Under Iowa Code Chapter 216?* ..................... 4

V.    *SUMMARY* ......................................... 8

VI.   *ORDER* ........................................... 8

### I. INTRODUCTION

This matter comes before the Court on the Motion to Dismiss (docket number 13) filed by the Defendants on November 12, 2012, the Resistance (docket number 14) filed by the Plaintiff on November 16, and the Reply (docket number 20) filed by the

Defendants on November 29. Pursuant to Local Rule 7.c, the issue will be decided without oral argument.

## II. PROCEDURAL HISTORY

On August 31, 2012, Plaintiff Delyorce Raye Rebouche filed a complaint in four counts, alleging gender discrimination and retaliation.[1] Named as Defendants were John Deere Agri Services, Inc., Deere & Company a/k/a John Deere Company ("Deere"), Rodger Burris, and Bruce Boardman.[2]

On November 12, Defendants filed the instant motion, asking that Burris and Boardman be dismissed from Counts I and II, and that the Court dismiss Plaintiff's claim for "enhanced damages" in Counts V and VI. Rebouche concedes that Burris and Boardman should be dismissed from Counts I and II. Rebouche resists the remaining portion of the motion, asserting that the wage discrimination provisions of Iowa Code section 216.6A should be applied retroactively.

On November 26, 2012, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. In accordance with 28 U.S.C. § 636(c), and the consent of the parties, the case was referred to the undersigned magistrate judge for the conduct of all further proceedings.

## III. RELEVANT FACTS

According to her amended complaint,[3] Rebouche began employment with Deere on October 31, 1977. She has worked in a variety of capacities, including lab analyst, lab

---

[1] The counts were enumerated I, II, V, and VI. That is, there were no counts III or IV.

[2] On October 17, 2012, Plaintiff dismissed all claims against John Deere Agri Services, Inc. *See* docket number 9.

[3] For these purposes, the Court assumes the allegations are true. *U.S. ex rel Raynor v. National Rural Utilities Co-op Finance, Corp.*, 690 F.3d 951, 955 (8th Cir. 2012).

2

tech, senior lab tech, metallurgical engineer, and senior chemical and metallurgical engineer. In 2001, Rebouche's job in the Department of Materials Engineering was eliminated and she moved to the Product Engineering Center. According to the complaint, Rebouche remains employed at Deere.

At some point, Deere implemented a Global Evaluation Process, which was designed to define and grade specific job functions within the corporation, and the relative value of those jobs to the corporation. Prior to implementation, Rebouche was a Labor Grade 7. After the Global Evaluation Process was implemented, Rebouche was identified as an Engineer II-Product, and remained at Labor Grade 7. Men who worked in the Department of Materials Engineering, and who were also supervised by Defendant Rodger Burris, received increases to Labor Grade 8 or Labor Grade 9. While no women under Burris' supervision received labor grade increases, two women who performed similar duties and responsibilities for a different manager received an increase to Labor Grade 8. After Rebouche filed a complaint with the EEOC, she elevated to a Labor Grade 8.

## IV. DISCUSSION

In their motion to dismiss, Defendants make two arguments:

1. Rebouche's claims under Title VII — Counts I and II — do not provide for individual liability against Burris and Boardman.

2. The equal pay provision of the ICRA does not apply retroactively and, therefore, to the extent Rebouche seeks enhanced damages in Counts V and VI which preceded the enactment of Iowa Code section 216.6A, the claim should be dismissed.

The Court will address each of the claims in the order presented.

### A. Can Burris and Boardman be Sued Individually Under Title VII?

Counts I and II of Rebouche's complaint allege gender discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964. Rebouche seeks judgment in each count against Deere, Burris, and Boardman. Defendants argue that Title VII does not permit claims against individuals. In her resistance, Rebouche concedes the

3

point. Accordingly, Burris and Boardman will be dismissed from the claims brought by Rebouche in Counts I and II.

### B. Can Rebouche Recover "Enhanced Damages" Under Iowa Code Chapter 216?

In Counts V and VI of her complaint, Rebouche alleges gender discrimination and retaliation, in violation of Iowa Code Chapter 216. Rebouche seeks, among other things, "[p]ast and future loss of wages, including three times the wage differential based on willful behavior on the part of the Defendants."[4]

Initially, Defendants assert that "Rebouche has not pleaded an Iowa equal pay claim under section 216.6A." The Court rejects that argument. While Rebouche's complaint does not refer specifically to section 216.6A, it clearly alleges that she was discriminated against in not being granted a labor grade increase. In addition, she specifically seeks lost wages, including treble damages. Accordingly, the Court concludes that the claim for wage discrimination was adequately pleaded.

If an employer engages in wage discrimination in violation of section 216.6A, then the employee is entitled to "[a]n amount equal to two times the wage differential paid to another employee compared to the complainant for the period of time for which the complainant has been discriminated against." Iowa Code § 216.15(9)(a)(9)(a). If the discrimination was "willful," however, then the damages may equal three times the wage differential. Iowa Code § 216.15(9)(a)(9)(b). Defendants argue, however, that Rebouche is not entitled to any enhanced damages that pre-date the effective date of Iowa Code section 216.6A. Rebouche argues the Statute is remedial, and may be applied retroactively.

Under Iowa law, "[l]egislative intent determines if a court will apply a statute retrospectively or prospectively." *Iowa Beta Chapter of Phi Delta Theta Fraternity v. State, University of Iowa*, 763 N.W.2d 250, 266 (Iowa 2009) (citing *Emmet County State*

---

[4] Rebouche's Complaint (docket number 2) at 8-9, ¶¶ 34(b) and 39(b).

4

*Bank v. Reutter*, 439 N.W.2d 651, 653 (Iowa 1989)). "Generally, a newly enacted statute is presumed to apply prospectively, unless expressly made retrospective." *Id.* (citing *City of Waterloo v. Bainbridge*, 749 N.W.2d 245, 249 (Iowa 2008)); *see also State Public Defender v. Iowa District Court*, 629 N.W.2d 82, 84 (Iowa 2001) ("Legislative enactments normally operate prospectively to only affect matters occurring after the effective date of the statute."); Iowa Code § 4.5 ("A statute is presumed to be prospective in its operation unless expressly made retrospective."). However, "when the statute relates solely to remedy or procedure, a court can apply the statute both prospectively and retrospectively." *Phi Delta Theta Fraternity*, 763 N.W.2d at 266 (citation omitted); *see also Hannan v. State*, 732 N.W.2d 45, 51 (Iowa 2007) ("While most statutes are presumed to be prospective in application, remedial or procedural statutes may be applied retroactively."). On the other hand, "[a] statute that relates to a substantive right is ordinarily applied prospectively." *Phi Delta Theta Fraternity*, 763 N.W.2d at 266 (citing *Baldwin v. City of Waterloo*, 372 N.W.2d 486, 491 (Iowa 1985)).

In *Board of Trustees of Municipal Fire & Police Retirement Systems of Iowa v. City of West Des Moines*, 587 N.W.2d 227 (Iowa 1998), the Iowa Supreme Court discussed the differences between remedial and substantive rights:

> A remedial statute affords a private remedy to a person injured by a wrongful act, corrects an existing law or redresses an existing grievance, gives a party a mode of remedy for a wrong where none or a different remedy existed, or remedies defects in the common law and in civil jurisprudence generally. Substantive law creates, defines, and regulates rights, while procedural law governs the practice, method, procedure, or legal machinery by which the substantive law is enforced or made effective.

*Id.* at 231 (citations omitted). If a statute is remedial, retrospective operation is presumed, but courts must "employ a three-part test to determine if retroactive application is consistent with legislative intent." *Anderson Financial Services, LLC v. Miller*, 769 N.W.2d 575, 579 (Iowa 2009) (citations omitted). The three-part test requires a court

5

to: 1) examine the language of the legislation; 2) consider the evil the statute seeks to remedy; and 3) determine whether there was an existing statute governing or limiting the evil that the new statute intends to remedy. *Id.* (citations omitted); *see also Board of Trustees*, 587 N.W.2d at 231 (discussing three-part test).

In arguing that Code section 216.6A is remedial, Rebouche asserts:

> Iowa Code section 216.6A is a remedial statute in that it provides a private remedy by correcting and/or redressing an existing grievance as provided in Iowa Code section 216.6 and Chapter 216 which prohibits discrimination against an individual on the basis of age. Section 216.6A simply defines more specifically a form of discrimination previously protected, defining already unlawful discrimination to specifically include wage discrimination and the remedies therewith; it does not create a new substantive law.

Rebouche's Resistance to Defendants' Motion to Dismiss (docket number 14-1) at 2-3.

In their reply, Defendants assert:

> Because Section 216.6A created, defined, and regulated a new right, an Iowa employee's right to be free from discriminatory pay practices, it is substantive. . . . Indeed, prior to the enactment of this statute, this right to be free of discriminatory pay practices did not exist under Iowa law. Neither the statutory text nor legislative history of Sections 216.6A or 216.15(9) "corrected" or "redressed" relief previously available to employees under the Iowa Civil Rights Act. Because Iowa's equal pay law is substantive, it is entitled to a presumption of prospective-only application.

Defendants' Reply Brief in Further Support of Their Motion to Dismiss (docket number 20) at 2.

Turning to the statute, Iowa Code § 216.6A(1)(a) explains that the Iowa legislature enacted the new statutory provision because it found wage discrimination on the basis of age to be against public policy because it discriminates against individuals, negatively impacts the general workforce, and adversely affects the general welfare of the state. *See* § 216.6A(1)(a)(1)-(7) (enumerating public policy reasons for the new statutory provision).

6

Section 216.6A(1)(b) provides that it will be the policy of the state "to correct and, as rapidly as possible, to eliminate" such discrimination. *Id.* Section 216.6A(2)(a) provides the substantive legal framework for the statutory provision:

> It shall be an unfair or discriminatory practice for any employer or agent of any employer to discriminate against any employee because of the age . . . of such employee by paying wages to such employee at a rate less than the rate paid to other employees who are employed within the same establishment for equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

*Id.*

In examining the legislative language, the Court finds that Iowa Code section 216.6A is substantive law, and not remedial. While Code section 216.6A falls under the umbrella of Iowa's civil rights laws which prohibit discrimination on the basis of age, the statute created, defined, and regulated a new right, the right to be free from wage discrimination on the basis of age. § 216.6A(2)(a). *See Board of Trustees*, 587 N.W.2d at 231 ("Substantive law creates, defines, and regulates rights."). The statute was specifically enacted on public policy grounds to address wage discrimination in the workplace. *See* § 216.6A(1)(a)-(b). Furthermore, section 216.6A does not "correct" or "redress" any relief previously available to employees under Iowa's civil rights laws. *See Board of Trustees*, 587 N.W.2d at 231 ("A remedial statute . . . corrects an existing law or redresses an existing grievance[.] . . ."). Moreover, there is no language in section 216.6A which expressly states or implies that the legislature intended the statute to be applied retroactively. Therefore, because section 216.6A is substantive law and does not expressly state that it applies retroactively, the Court concludes that the statute should only be applied prospectively, and not retrospectively. *See Phi Delta Theta Fraternity*, 763 N.W.2d at 266 (providing that "[g]enerally, a newly enacted statute is presumed to apply prospectively, unless expressly made retrospective" and "[a] statute that relates to a substantive right is ordinarily applied prospectively"). *See also State Public Defender*,

629 N.W.2d at 84 ("Legislative enactments normally operate prospectively to only affect matters occurring after the effective date of the statute."); Iowa Code § 4.5 ("A statute is presumed to be prospective in its operation unless expressly made retrospective."). Accordingly, Defendants' motion to dismiss Rebouche's claims in Counts V and VI, to the extent they allege liability for wage discrimination prior to the enactment of Iowa Code section 216.6A (April 28, 2009), will be granted.

## V. SUMMARY

The Court concludes that Burris and Boardman should be dismissed from the claims brought by Rebouche in Counts I and II. Furthermore, the Court concludes that Defendants' motion to dismiss Rebouche's claims in Counts V and VI, to the extent they allege liability for wage discrimination prior to the enactment of Iowa Code section 216.6A, should be granted.

## VI. ORDER

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (docket number 13) is **GRANTED** as follows:

1. That part of Counts I and II in Plaintiff's complaint which asserts a claim against Defendants Rodger Burris and Bruce Boardman, individually, is **DISMISSED**. Those counts will proceed against Defendant Deere, only.

2. To the extent that Counts V and VI assert a claim for wage discrimination prior to the enactment of Iowa Code section 216.6A, that part of the claims is **DISMISSED**.

DATED this 14th day of February, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA